IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03350-CMA-BNB

COLORADO CHRISTIAN UNIVERSITY,

    Plaintiff,

v.

KATHLEEN SEBELIUS, Secretary of the United States Department of Health and Human Services,
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,
HILDA SOLIS, Secretary of the United States Department of Labor,
UNITED STATES DEPARTMENT OF LABOR,
TIMOTHY GEITHNER, Secretary of the United States Department of the Treasury, and
UNITED STATES DEPARTMENT OF THE TREASURY,

    Defendants.

## MOTION TO POSTPONE RULE 16(b) SCHEDULING CONFERENCE AND RELATED DEADLINES

Defendants, through their undersigned attorneys, hereby move the Court to postpone the Rule 16(b) scheduling conference—currently set for February 29, 2012—and all related deadlines set forth in the Court's January 6, 2012 Order (Dkt. No. 5) for a period of 60 days. The motion should be granted because discovery, if any, should not commence until the Court has had time to rule on Defendants' forthcoming motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (b)(6).

Pursuant to D.C.COLO.LCivR 7.1.A, counsel for defendants contacted counsel for plaintiff regarding is motion, but counsel were unable to come to an agreement regarding the terms of a postponement of the scheduling conference and related deadlines that was agreeable to both parties.

## BACKGROUND

On December 22, 2011, plaintiff Colorado Christian University filed a complaint that challenges interim final regulations issued by defendants to implement the preventive services coverage provision of the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, § 1001, 124 Stat. 119 (March 23, 2010) ("Affordable Care Act"). Plaintiff claims the regulations violate the First Amendment, the Religious Freedom Restoration Act, and the Administrative Procedure Act.

Defendants were served on December 29, 2011. Pursuant to Federal Rules of Civil Procedure 6 and 12, defendants are required to file a responsive pleading or motion by February 28, 2012. Defendants intend to respond to the complaint by filing a motion to dismiss the entire case under Rule 12(b)(1) and (b)(6).

On January 6, 2012, this Court issued an Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting (Dkt. No. 5). The Order sets a Rule 16(b) scheduling conference for February 29, 2012—one day after defendants' response to the complaint is due. The Order also sets other deadlines, including a requirement that the parties confer in accordance with Rule 26(f) on or before February 8, 2012.

**ARGUMENT**

Defendants intend to move to dismiss this case in its entirety pursuant to Rule 12(b)(1) and (b)(6). Defendants' motion will present threshold legal challenges to the complaint that may dispose of the entire case or at least narrow the issues on which further proceedings are necessary. Defendants believe litigation of this case will be simplified by postponing the Rule 16(b) scheduling conference and related deadlines for a period of 60 days to permit the Court time to rule on Defendants' forthcoming motion to dismiss.

Courts have broad discretion to stay proceedings, including discovery, when a pending dispositive motion may resolve some or all claims, thus promoting the interests of judicial economy. *See, e.g.*, *Small v. Astrue*, No. 08-cv-01864-LTB-KLM, 2009 WL 130334, *1 (D. Colo. Jan. 20, 2009); *Ritz v. Jordan*, No. 08-cv-01164-MSK-KLM, 2008 WL 2945600, *1 (D. Colo. July 28, 2008). Indeed, this court has recognized that "[a] stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Zimmerman v. CIT Group, Inc.*, No. 08-cv-00246-ZLW-KLM, 2008 WL 1818445, *1 (D. Colo. Apr. 21, 2008) (quoting *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001)). The Court should exercise its discretion here by postponing the Rule 16(b) scheduling conference and all related deadlines for a period of 60 days.

The requested postponement will not result in any harm to plaintiff. Plaintiff will not have to do anything with respect to the challenged regulations, if at all, before July 2013. And there is no reason to suspect that the parties will not be able to complete appropriate discovery, if any, by that date or that the Court will not be able to address plaintiff's claims by that date. The

challenged regulations generally require group health plans and health insurance issuers that offer group or individual health insurance to provide coverage for certain recommended preventive services without cost-sharing. Pub. L. No. 111-148, § 1001. This requirement does not apply to group health plans and health insurance coverage already in place when the Affordable Care Act was enacted, and not changed in certain significant ways. Where applicable, the regulations require a plan or issuer to provide coverage of new recommended preventive services "for plan years (in the individual market, policy years) that begin on or after the date that is one year after the date the recommendation or guideline is issued." 26 C.F.R. § 54.9815-2713T(b)(1); 29 C.F.R. § 2590.715-2713(b)(1); 45 C.F.R. § 147.136(b)(1). The Health Resources Services Administration ("HRSA") women's preventive services guidelines were issued on August 1, 2011. *See* http://www.hrsa.gov/womensguidelines/. Moreover, plaintiff's Complaint alleges that its plan year begins on July 1 of each year. Therefore, plaintiff will not have to comply with the aspect of the regulations that it challenges, if at all, before July 1, 2013– the start of its plan year that begins on or after August 1, 2012, one year after the date on which the relevant HRSA guidelines were issued. Because there is no reason to suspect that the parties will not be able to complete any appropriate discovery or that the Court will not be able to address plaintiff's claims by July 2013, plaintiff will not be harmed if defendants' motion is granted.

## **CONCLUSION**

For the reasons set forth above, defendants respectfully request that the Court postpone the Rule 16(b) scheduling conference and all related deadlines set forth in the Court's January 6, 2012 Order (Dkt. No. 5) for a period of 60 days.

Respectfully submitted,

TONY WEST
Assistant Attorney General

JOHN F. WALSH
United States Attorney

SHEILA M. LIEBER
Deputy Director, Federal Programs Branch

 /s/ Michelle R. Bennett
MICHELLE R. BENNETT (CO Bar No. 37050)
Trial Attorney (CO Bar No. 37050)
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW, Room 7310
Washington, D.C.  20530
Tel: (202) 305-8902
Fax: (202) 616-8470
Email: michelle.bennett@usdoj.gov

Attorneys for Defendants.

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on February 6, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

erassbach@becketfund.org

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by nonparticipant's name:

None.

                                         s/ Michelle R. Bennett
                                         MICHELLE R. BENNETT
                                         Trial Attorney