# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03350-CMA-BNB

COLORADO CHRISTIAN UNIVERSITY,

    Plaintiff,

*v.*

KATHLEEN SEBELIUS, Secretary of the United States Department of Health and Human Services,
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,
HILDA SOLIS, Secretary of the United States Department of Labor,
UNITED STATES DEPARTMENT OF LABOR,
TIMOTHY GEITHNER, Secretary of the United States Department of the Treasury, and
UNITED STATES DEPARTMENT OF THE TREASURY,

    Defendants.

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
## TO POSTPONE RULE 16(b) SCHEDULING CONFERENCE
## AND RELATED DEADLINES

Defendants' motion to postpone the existing pre-discovery deadlines for sixty days should be denied. Defendants have offered no legitimate justification for the delay, and postponing discovery would serve no meaningful purpose. Accordingly, Plaintiff Colorado Christian University opposes Defendants' motion and respectfully requests the Court to extend the deadlines—if at all—by no more than two weeks.

**BACKGROUND**

On December 22, 2011, Colorado Christian University filed the complaint in this matter challenging interim final regulations promulgated by Defendants under the Patient Protection and Affordable Care Act of 2010. Pub. L. No. 111-148, § 1001, 124 Stat. 119 (March 23, 2010). The regulations would require the University to provide through its insurance plan, and to pay for, abortion-inducing drugs in violation of its religious convictions (the "Mandate"). Defendants' responses to the complaint are due beginning February 28, 2012.

On January 6, 2012, this Court issued a scheduling order requiring the parties to confer under Rule 26(f) no later than February 8, 2012; to submit a proposed joint scheduling order and exchange initial disclosures by February 22, 2012; and to appear for an initial scheduling conference on February 29, 2012—one day after Defendants' initial responses are due.

On approximately February 2, 2012, Defendants' counsel contacted the University's counsel to request a ninety-day extension of these preliminary discovery deadlines, thus postponing discovery until June 2012. Counsel for the University opposed the ninety-day proposal, but consented to a two-week extension so that the February 29 scheduling conference in Colorado would not conflict with Defendants' February 28 filing deadline. The parties, however, were unable to reach agreement on this issue, and Defendants now seek a sixty-day postponement of the existing deadlines. There is no justification for delaying discovery sixty days. Accordingly, the University respectfully requests that the Court deny Defendants' motion for a sixty-day extension. The University remains unopposed to a short extension to facilitate Defendants' filing deadline.

**ARGUMENT**

In considering a motion to stay or postpone discovery, the courts of this district generally consider five factors: "(1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *SOLIDFX, LLC* v. *Jeppesen Sanderson, Inc.*, 11-CV-01468-WJM-BNB, 2011 WL 4018207, at *2 (D. Colo. Sept. 8, 2011). Defendants discuss these factors only summarily, identifying no meaningful justification for delay. Indeed, upon careful consideration, all five factors weigh strongly against a sixty-day stay.

**A. The interests of the parties and the Court weigh against delaying discovery.**

Consideration of factors one through three—the interests of the parties and the Court—counsels strongly against a sixty-day delay in discovery. Defendants contend only that their motion should be granted because "discovery, if any, should not commence until the Court has had time to rule" on their "forthcoming motion to dismiss." Defs.' Mot. at 1. But "stays of discovery pending rulings on motions to dismiss generally are ***disfavored*** in this district." *SOLIDFX, LLC*, 2011 WL 4018207, at *2 (emphasis added). This is due, in large part, to the fact that such delays seldom ease the burdens on the moving party or the court, and unnecessarily prejudice the interests of the non-moving party.

For example, as this Court has noted on several occasions, "the average time from the filing to determination of dispositive motions exceeds six months" and "motions to dismiss are denied far more often than they are granted." *SOLIDFX, LLC*, 2011 WL 4018207, at *3. Thus, from a statistical standpoint, timing delays are unlikely to correspond with the resolution of the motion to dismiss, and where discovery will eventually be necessary anyway, there can be little

justification for delay. *String Cheese Incident, LLC* v. *Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (limiting extension where discovery would proceed on remaining claims even if motion to dismiss were granted).

Defendants have not asserted that their anticipated motion to dismiss is likely to result in a complete dismissal of this litigation. To the contrary, Defendants' counsel suggested in discussions with the University's counsel only that the motion may narrow the claims, perhaps modifying the scope of discovery to be taken. Such an amorphous view of any benefits to delaying discovery is insufficient to justify delay. Indeed, in each of the cases Defendants cite to support their motion for delay, the court found that the moving party had "done more than offer conclusory assertions," instead providing "legal analysis" showing a likelihood of dismissal on jurisdictional or other grounds impacting the entire litigation. *See, e.g., Small* v. *Astrue*, No. 08-cv-01864, 2009 WL 130334, at *1 (D. Colo. Jan. 20, 2009); *Zimmerman* v. *CIT Group*, No. 08-cv-00246-ZLW-KLM, 2008 WL 1818445, at *1 (D. Colo. April 21, 2008); *Ritz* v. *Jordan*, No. 08-cv-01164-MSK-KLM, at *1 (D. Colo. July 28, 2008).

Nor have Defendants identified any particular burden—beyond that which is typical in any litigation—that they would bear by proceeding with discovery. "Defendants always are burdened when sued, whether the case ultimately is dismissed, summary judgment is granted, there is a settlement, or a trial occurs. That is a consequence of our judicial system and the rules of civil procedure." *Hall* v. *Town of Gilcrest, Colo.*, 11-CV-00327-REB-BNB, 2011 WL 1518667, at *2 (D. Colo. Apr. 20, 2011). It is not a "special burden" of the type that would warrant delay. *Id*.

Finally, Defendants' argument that the University has until July 2013 to comply with the Mandate is irrelevant. "In the litigation context, delay is not only of practical concern, as it results in a decrease in evidentiary quality and witness availability, but also of social concern, as

it is cost prohibitive and threatens the credibility of the justice system." *Hall* v. *Town of Gilcrest, Colo.*, 11-CV-00327-REB-BNB, 2011 WL 1518667, at *2 (D. Colo. Apr. 20, 2011) (citation omitted). The University will be prejudiced by these factors regardless of when it is required to comply with the Mandate.

In sum, Defendants have failed to identify any legitimate reason for delaying discovery for sixty days. Such a delay will not meaningfully reduce any burdens on Defendants or this Court, but would serve only to prejudice the University's interest in proceeding expeditiously with this litigation.

### B. The interests of third parties and the public also weigh against delay.

The interests of non-parties and of the public also favor proceeding without delay. The Mandate at issue in this litigation has drawn significant public attention. Most employers throughout the nation will be subject to the mandate commencing August 12, 2012. *See* 26 C.F.R. § 54.9815-2713T(b)(1); 29 C.F.R. § 2590.715-2713(b)(1); 45 C.F.R. § 147.136(b)(1). Thus, it is in the best interest of non-parties and the public generally for the Court to proceed expeditiously in resolving the parties' dispute.

### CONCLUSION

For all of the foregoing reasons, Colorado Christian University respectfully requests the Court to deny Defendants' motion for a sixty-day postponement, or alternatively, to grant a postponement of no more than two weeks.

Respectfully submitted this 7th day of February, 2011.

                                               /s/ *Eric S. Baxter*
                                               Eric S. Baxter
                                               Eric Rassbach
                                               THE BECKET FUND FOR RELIGIOUS LIBERTY

3000 K St. NW, Ste. 220
Washington, DC 20007
202.955.0095 TELEPHONE
202.955.0090 FACSIMILE
*ebaxter@becketfund.org*
*erassbach@becketfund.org*

***Counsel for Plaintiff***
***Colorado Christian University***
8787 W. Alameda Ave.
Lakewood, Colorado 80226

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2012, I caused the foregoing *Opposition to Defendants' Motion To Postpone Rule 16(b) Scheduling Conference and Related Deadlines* to be filed with the Clerk of the Court and served on the following counsel using the Court's CM/ECF system:

Michelle Renee Bennett
*michelle.bennett@usdoj.gov*

    /s/ *Eric S. Baxter*
Eric S. Baxter