IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03350-CMA-BNB

COLORADO CHRISTIAN UNIVERSITY,

    Plaintiff,

v.

KATHLEEN SEBELIUS, Secretary of the United States Department of Health and Human Services,
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,
HILDA SOLIS, Secretary of the United States Department of Labor,
UNITED STATES DEPARTMENT OF LABOR,
TIMOTHY GEITHNER, Secretary of the United States Department of the Treasury, and
UNITED STATES DEPARTMENT OF THE TREASURY,

    Defendants.

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO POSTPONE RULE 16(b) SCHEDULING CONFERENCE AND RELATED DEADLINES

Defendants, through their undersigned attorneys, submit this reply brief to respond to a misstatement made in plaintiff's opposition to defendants' motion to postpone the Rule 16(b) scheduling conference and all related deadlines for a period of 60 days. As defendants explained in their motion, they "intend to move to dismiss this case *in its entirety* pursuant to Rule 12(b)(1) and (b)(6)." Defs.' Mot. at 3 (emphasis added); *see also id.* at 2. Defendants further explained that the motion "will present threshold legal challenges to the complaint" – including a jurisdictional challenge pursuant to Rule 12(b)(1) – "that may dispose of *the entire case*." Defs.'

Mot. at 3 (emphasis added). Alternatively, defendants noted, the motion may resolve some of plaintiff's claims, thus narrowing the issues on which further proceedings are necessary. *Id*.

In its opposition, plaintiff states that "[d]efendants have not asserted that their anticipated motion to dismiss is likely to result in a complete dismissal of this litigation. To the contrary, Defendants' counsel suggested in discussions with the University's counsel only that the motion may narrow the claims, perhaps modifying the scope of discovery to be taken." Pl.'s Opp'n at 4. This assertion misstates both the content of defendants' motion to postpone the scheduling conference and statements made by defendants' counsel in discussions with plaintiff's counsel. Defendants' motion to postpone the scheduling conference and related deadlines made clear – on at least three occasions – that defendants' motion to dismiss will seek dismissal of the entire case. *See* Defs.' Mot. at 2 ("Defendants intend to respond to the complaint by filing a motion to dismiss the entire case under Rule 12(b)(1) and (b)(6)."); *id*. at 3 ("Defendants intend to move to dismiss this case in its entirety pursuant to Rule 12(b)(1) and (b)(6)."); *id*. ("Defendants' motion will present threshold legal challenges to the complaint that may dispose of the entire case . . ."). Moreover, in discussions with plaintiff's counsel, defendants' counsel did not state that defendants' motion to dismiss will not result in dismissal of the entire case. Rather, defendants' counsel stated, in the context of an entire discussion that plaintiff does not attempt to recount, that *even if* the motion did not result in dismissal of the entire case, the motion will at least narrow the issues on which further proceedings are necessary. This is not a "suggest[ion] . . . only that the motion may narrow the claims," Pl.'s Opp'n at 4, and plaintiff's assertion to the contrary distorts the substance of counsel's discussions.

Plaintiff also faults defendants for not "providing 'legal analysis' showing a likelihood of dismissal on jurisdictional or other grounds impacting the entire litigation." Pl.'s Opp'n at 4. But, under Federal Rule of Civil Procedure 12(a)(2), defendants are not required to file their motion to dismiss until February 28, 2012. Defendants have not explained to the Court in detail all the bases for their motion to dismiss – other than to say that it will seek dismissal of the entire case and be based on Rule 12(b)(1) and (b)(6) – because they are still in the process of drafting and revising the motion. Defendants should not be penalized for not "providing 'legal analysis,'" Pl.'s Opp'n at 4, akin to what will be in their motion to dismiss more than 20 days before that motion is due under the Federal Rules of Civil Procedure.[1]

Plaintiff does not dispute that it will not have to comply with the aspect of the regulations that it challenges, if at all, before July 1, 2013. Instead, plaintiff attempts to rely on alleged harm to other employers not before this Court. Plaintiff contends that "[m]ost employers . . . will be subject to the [challenged regulations] commencing August 12, 2012." Pl.'s Opp'n at 5. Even if this were true – and it is not for several reasons[2] – it would not advance plaintiff's position. If other employers believe the challenged regulations are unlawful, they may bring an action to assert their rights. But plaintiff cannot rely on alleged harm to parties not before this Court to

---

[1] Granting defendants' request to postpone the scheduling conference and related deadlines for 60 days will have the added benefit of allowing the Court to consider the substance of the motion to dismiss, and plaintiff's response to it, before deciding whether to postpone discovery further, *i.e.*, until after the Court rules on defendants' motion to dismiss.

[2] Among other things, the challenged regulations do not apply to group health plans and health insurance coverage already in place when the Affordable Care Act was enacted, and not changed in certain significant ways. And, where applicable, the challenged regulations require a plan or issuer to provide coverage for preventive services identified in the Health Resources Services Administration ("HRSA") guidelines at the beginning of the plan year that is on or after August 1, 2012, not on August 1, 2012. *See* 26 C.F.R. § 54.9815-2713T(b)(1); 29 C.F.R. § 2590.715-2713(b)(1); 45 C.F.R. § 147.136(b)(1).

show prejudice to plaintiff from a delay in discovery. Moreover, plaintiff's passing reference to concerns about "a decrease in evidentiary quality and witness availability," "cost[s]," and "the credibility of the justice system," Pl.'s Opp'n at 4-5, are conclusory and unpersuasive. Plaintiff does not articulate how any of these concerns are relevant to this case or how they are impacted by a mere 60-day delay. Nor does plaintiff explain how conserving the parties' and the Court's resources by postponing proceedings that may prove unnecessary threatens the credibility of the justice system.

For these reasons and the reasons set forth in defendants' motion, defendants respectfully request that the Court postpone the Rule 16(b) scheduling conference and all related deadlines set forth in the Court's January 6, 2012 Order (Dkt. No. 5) for a period of 60 days.

Respectfully submitted,

TONY WEST
Assistant Attorney General

JOHN F. WALSH
United States Attorney

SHEILA M. LIEBER
Deputy Director, Federal Programs Branch

 /s/ Michelle R. Bennett            _
MICHELLE R. BENNETT (CO Bar No. 37050)
Trial Attorney (CO Bar No. 37050)
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW, Room 7310
Washington, D.C.  20530
Tel: (202) 305-8902
Fax: (202) 616-8470
Email: michelle.bennett@usdoj.gov

Attorneys for Defendants.

**CERTIFICATE OF SERVICE (CM/ECF)**

      I hereby certify that on February 7, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

      erassbach@becketfund.org

      ebaxter@becketfund.org

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by nonparticipant's name:

      None.

      /s/ Michelle R. Bennett
      MICHELLE R. BENNETT
      Trial Attorney