IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  11-cv-03350-CMA-BNB

COLORADO CHRISTIAN UNIVERSITY,

Plaintiff,

v.

KATHLEEN SEBELIUS, Secretary of the United States Department of Health and Human Services,
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,
HILDA SOLIS, Secretary of the United States Department of Labor,
UNITED STATES DEPARTMENT OF LABOR,
TIMOTHY GEITHNER, Secretary of the United States Department of the Treasury, and
UNITED STATES DEPARTMENT OF THE TREASURY,

Defendants.

_____

**ORDER**
_____

This matter is before me on the defendants' **Motion to Postpone Rule 16(b) Conference and Related Deadlines** [Doc. # 16, filed 2/6/2012] (the "Motion to Stay"), which is DENIED.

This action "challenges interim final regulations issued by defendants to implement the preventive services coverage provisions of the Patient Protection and Affordable Care Act" based on alleged violations of the First Amendment, Religious Freedom Restoration Act, and Administrative Procedures Act.  Motion to Stay [Doc. # 16] at p. 2.  The defendants seek to postpone the scheduling conference and related deadlines for 60 days to allow the court "time to rule of Defendants' forthcoming [but not yet filed] motion to dismiss. . . ."  Id. at p. 1.  In support of their request, the defendants argue that the anticipated motion to dismiss "will present threshold legal challenges to the complaint that may dispose of the entire case or at least narrow

the issues on which further proceedings are necessary." Id. at p. 3.

The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending. Instead, Rule 1 instructs that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action," and Rule 26(c) permits a court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including entry of a stay of discovery. In considering whether to grant a stay:

> Five factors have been universally recognized as being critical to a proper balancing of the competing interests at stake. Those factors are: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Federal Deposit Ins. Corp. v. Renda, 1987 WL 348635 *2 (D. Kan. Aug. 6, 1987); accord String Cheese Incident, LLC v. Stylus Shows, Inc., 2006 WL 894955 *3 (D. Colo. March 30, 2006)(same). Considering these factors leads me to conclude that a stay of discovery in this case is not warranted.

The average time from the filing of a dispositive motion to its determination in this district exceeds six months. Consequently, it is not realistic to think that the anticipated motion to dismiss will be decided within the 60 day stay requested, and staying proceedings until the motion to dismiss is decided could substantially delay the ultimate resolution of the matter, with injurious consequences. In this regard, it has been argued:

> Delay is an element indigenous to many systems, and one that can have significant implications unless recognized and accounted for.
> \* \* \*
> In the litigation context, delay is not only of practical concern, as it

> results in a decrease in evidentiary quality and witness availability, but also of social concern, as it is cost prohibitive and threatens the credibility of the justice system.

Mariel Rodak, *It's About Time: A Systems Thinking Analysis of the Litigation Finance Industry and Its Effect on Settlement*, 155 U. PA. L. REV. 503, 528 (2006).

In addition, motions to dismiss are denied more often than they result in the termination of a case. Consequently, without presuming to forecast the district judge's ruling on the anticipated motion to dismiss, it is more likely than not from a statistical point of view that a delay pending a ruling on the motion to dismiss would prove unnecessary.

Defendants always are burdened when they are sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs. That is a consequence of our judicial system and the rules of civil procedure. There is no special burden on the defendants in this case. Moreover, "stays of discovery pending rulings on motions to dismiss generally are disfavored in this district. Solidfx, LLC v. Jeppesen Sanderson, Inc., 2011 WL 4018207 (D. Colo. Sept. 8, 2011) at * 2.

IT IS ORDERED that the Motion to Stay [Doc. # 16] is DENIED.

Dated February 9, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge